Don Springmeyer, Esq.
Nevada State Bar No. 1021
Jordan Butler, Esq.
Nevada Bar No. 10531
**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Telephone: (702) 341-5200/Fax: (702) 341-5300
dspringmeyer@wrslawyers.com
jbutler@wrslawyers.com

Jason J. Thompson *(Pro hac vice to be submitted)*
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 355-0300

Robert Anthony Alvarez (P66954)
*(Pro hac vice to be submitted)*
**AVANTI LAW GROUP, PLLC**
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

*Counsel for Plaintiff and Proposed Class*
*And Collective Members*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARMANDO JOACHIN, On his behalf and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> HOMETOWN EATS, INC., A Nevada Corporation, and ALEJANDRA MEZA-CERVANTES, and REX HENRIOTT, <br><br> Defendants. | **PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT** |

/ / /

Plaintiff Armando Joachin ("Plaintiff"), by and through his attorneys of record, on behalf of himself and all others similarly situated and alleges as follows:

## INTRODUCTION

1.    This is a civil action brought on behalf of Plaintiff, and all those similarly situated, who worked for Defendants during the last three years performing general labor at Defendants' restaurant, Hometown Eats Buffet (the "Restaurant"), located in Las Vegas, Nevada. Plaintiff complains that Defendants failed to pay him and others similarly situated overtime at a rate of one and one-half times the regular rate for hours worked in excess of forty (40) hours during a workweek, and failed to pay wages on time, in violation of  the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. and  Nevada Revised Statutes 608 et seq.

2.    Defendants violated the FLSA by failing to pay their employees, including Plaintiff, time and one-half for each hour worked in excess of forty (40) hours per workweek. The FLSA requires that non-exempt employees such as Plaintiff be compensated for overtime work at the mandated overtime wage rate of time and one half. Accordingly, Plaintiff brings this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

3.    Defendants violated the FLSA by failing to pay their employees, including Plaintiff, minimum wage for all time worked. The FLSA requires employees to be compensated at a mandated minimum wage rate. Accordingly, Plaintiff brings this collective action to recover unpaid minimum wage compensation under 29 U.S.C. § 207 and § 216(b).

4.    Defendants violated the FLSA by failing to pay their employees, including Plaintiff, their mandated minimum wage at the time it was due. Accordingly, Plaintiff brings this collective action to recover  liquidated damages due  for Defendants' failure to pay the wages due at the time they were  due in violation of 29 U.S.C. § 216(b).

5.    Defendants violated N.R.S. § 608.018(2).by failing to pay their employees, including Plaintiff, time and one-half for each hour worked in excess of forty (40) per week of work.

6.    Defendants violated N.R.S. § 608.019 by failing to provide Plaintiff and all others similarly situated with a meal period of at least one-half hour for every continuous period of 8

1  hours worked.  Plaintiff and other employees were made to work continuous periods of 8 hours

2  without being provided a 30-minute meal period.

3         7.     Defendants violated N.R.S. § 608.020-060 by failing to timely pay Plaintiff and

4  all others similarly situated wages earned and unpaid in a timely manner.  Defendants

5  consistently paid Plaintiff and all others similarly situated in an untimely fashion in violation of

6  Nevada law.

7         8.     Accordingly, Plaintiff brings this Rule 23 action to recover for Defendants'

8  violations of Nevada law.

9         9.     Named Plaintiff is an employee of Defendants who is entitled to compensation

10  and prompt payment of amounts that the employer owes an employee when the employee works,

11  quits, or is terminated, and other compensation that is prescribed by law.

12        10.    Plaintiff seeks a declaration that his rights, and all those similarly situated, have

13  been violated, an award of unpaid wages, an award of liquidated damages, and an award of

14  attorney's fees and costs to make Plaintiff and the Class whole for damages they have suffered as

15  a result of Defendants' unlawful conduct.

16        11.    Defendants, likewise, do not pay  overtime to other similarly situated workers.

17  Plaintiff brings a 216(b) collective action as well as a Rule 23 class action to recover unpaid

18  minimum wage and overtime compensation owed to himself and on behalf of all other similarly

19  situated employees, current and former, of Defendants. Members of the Collective and Class

20  action are hereinafter referred to as "Class Members."

21  **<u>PARTIES</u>**

22        12.    Named Plaintiff is a resident of Clark County, state of Nevada, and whose consent

23  to sue is attached as Exhibit A.  Named Plaintiff and those similarly situated bring this action on

24  behalf of all current and former employees of Defendants throughout the state of Nevada at any

25  time within the three years prior to the filing of the this Complaint , who were, are, or will be

26  eligible for but did not receive their proper minimum wage, overtime compensation, or were not

27  paid their wages due on time.

28        13.    Plaintiff worked for Defendants at the Restaurant as a general laborer between

January and April of 2017.

14. Defendant Hometown Eats, Inc. (hereinafter "Hometown"), is a Nevada corporation whose registered office address is 5715 S Pecos Rd, Las Vegas, Nevada 89120 and whose registered agent was Alejandra Meza-Cervantes.

15. Defendant Hometown has been conducting business in the city of Las Vegas since at least 2015.

16. Defendant Alejandra Meza-Cervantes is the owner and/or manager of Defendant Hometown and a resident of Clark County. Defendant Meza-Cervantes is a joint employer.

17. Defendant Rex Henriott is the general manager of Defendant Hometown and a resident of Clark County. Defendant Henriott is a joint employer.

18. At all material times, Defendants have been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

19. At all material times, Defendant Hometown has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendant Hometown has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20. At all material times, Plaintiff and Class Members were employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA.

21. Plaintiff was engaged in commerce either through work related to the actual movement of commerce, work that regularly uses the channels of commerce; or work related to the instrumentalities of commerce.

22. Defendant Hometown is an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA.

23. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard of $500,000.

-4-

24.    Defendants provided training to Plaintiff and Class Members, controlled and has knowledge of the hours worked by Plaintiff and Class Members, and directed the work of Plaintiff and Class Members.

25.    At all times relevant herein, Defendants employed a number of hourly paid employees at the Restaurant, including Plaintiff and all others similarly situation.

## JURISDICTION AND VENUE

26.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

27.    The Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

28.    Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative facts with Plaintiff's federal claims, and are most efficiently resolved together in one court.

29.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PLAINTIFF ARMANDO JOACHIN

30.    Plaintiff worked for Defendants at the Restaurant between January and April of 2017.

31.    Defendants Meza-Cervantes and Henriott:

    a.    Hired Plaintiff;

    b.    Set his rate of pay;

    c.    Set his schedule;

    d.    Instructed him in how to perform his work;

    e.    Provided him with the tools, equipment and supplies necessary;

    f.    Supervised his work on a daily basis;

    g.    Approved and paid his wages.

32.    Plaintiff Joachin cooked, performed meal prep, as well as any other duties required of him by Defendants Meza-Cervantes and Henriott.

33.    Plaintiff typically worked 5 days a week, starting at 6:30 a.m. until between 1:30 p.m. and 4:00 p.m. depending on the shift.

34.    Plaintiff punched in and out of Defendants' timekeeping system, and was paid at a rate of $15.00 per hour on a bi-weekly basis.

35.    Plaintiff was not given a rest or meal period and often worked without a break.

36.    On more than one occasion, Plaintiff  worked more than 40 hours in a single work week, and was not paid overtime.

37.    For example, for the pay period of March 23, 2017 through April 9, 2017 Plaintiff worked 105 hours. Plaintiff was then paid a gross amount of $1,575.00 (net amount $1,319.56) for that time. Plaintiff was paid $15.00 for those 105 hours worked in those two weeks. Plaintiff was not paid an overtime rate of $22.50 for any hours worked over forty (40) hours in either workweek. (Exhibit B)

38.    Plaintiff was not paid the lawful overtime rate of $22.50 for any hours worked over forty (40) hours in either workweek during that pay period.

39.    Plaintiff was not paid the lawful overtime rate of $22.50 for any hours worked in excess of eight (8) hours in a work day.

40.    Plaintiff was not paid his earned wages due on time..

41.    For example, at least one of the paychecks Plaintiff was issued by Defendants was not honored by the bank, thereby causing a delay in payment of wages due.

## GENERAL ALLEGATIONS

42.    Plaintiff and Class Members were employed to cook, prepare food and perform other general labor at the Restaurant.

43.    During their employment with Defendants, Plaintiff and Class Members were supervised in all aspects of their work by Defendants Meza-Cervantes and Henriott.

44.    Defendants made all employment decisions directly affecting the Plaintiff and Class Members.

45.    During their employment, Defendants provided Plaintiff and Class Members with instruction on how to perform their work.

-6-

46.     During their employment, Defendants set Plaintiff and Class Members' work schedules.

47.     During their employment with Defendants, Plaintiff Class Member's hours varied from week to week.

48.     During their employment with Defendants, Plaintiff and Class Members worked more than forty hours in a given workweek.

49.     During their employment with Defendants, Plaintiff and Class Members worked more than eight (8) hours in a given workday.

50.     Plaintiff and Class Members were paid on a per hour basis.

51.     Defendants paying Plaintiff and Class Members on a straight per hour basis for all hours worked resulted in Defendants failing to pay Plaintiff and Class Members an overtime premium for all hours worked over forty (40) hours in a workweek and/or eight (8) hours in a workday.

52.     Plaintiff and Class Members should have been paid time at one and one-half their regular rates for all hours worked over forty (40) in a workweek and/or eight (8) hours in a day ("overtime compensation").

53.     In some workweeks during the relevant time period, Plaintiff and Class Members worked more than forty (40) hours per week, but were not paid overtime.

54.     On some workdays during the relevant time period, Plaintiff and Class Members worked more than eight (8) hours per day, but were not paid overtime.

55.     Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

56.     It is Defendants' companywide policy and practice to compensate employees like Plaintiff and those in similar positions on a straight hourly rate basis regardless of hours worked and without paying the required overtime compensation.

57.     Defendants did not pay Plaintiff and Class Members their wages at the time those wages were due to be paid.

58.    As a result of Defendants' companywide payroll policy, Plaintiff and Class Members were not compensated an overtime wage for all hours worked as required, and were not paid their wages due at the time those wages were due to be paid.

## COLLECTIVE ACTION ALLEGATIONS

59.    Plaintiff realleges and incorporates herein all previous paragraphs.

60.    Plaintiff brings this action as a collective and class action seeking to certify the following Classes:

    a.    An FLSA § 216(b) Opt-In Collective Action;

    b.    An FRCP Rule 23 Class; and,

    c.    Waiting Time Penalty Sub-Class

61.    Plaintiff and the Class Members were not properly paid their overtime wages, nor paid their wages due on time.

62.    The Class Members Plaintiff seeks to represent in the FLSA Collective Action include:

*All current and former employees of Defendants in Nevada during the applicable statute of limitations who were not properly compensated under applicable federal law for all hours worked.*

63.    All claims set forth in Count I and II of this action are brought pursuant to the FLSA, 29 U.S.C. § 216(b).  The claims under the FLSA may be pursued by those who opt-in to this proposed Class pursuant to 29 U.S.C. § 216(b)

64.    Plaintiff does not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

65.    Plaintiff does not bring this action on behalf of any individuals who are otherwise exempt from overtime under the FLSA.

66.    With respect to Count I, a collective action and conditional certification under the FLSA is appropriate because under 29 U.S.C. § 216(b) the employees described are "similarly situated" to the named Plaintiff as required under the FLSA standards for collective actions.

67.    The class of employees on behalf of whom Plaintiff bring this collective action are similarly situated because they have been or are employed in the same or similar positions as

the individually named Plaintiff; were or are subject to the same or similar unlawful practices, policies, or plan of Defendants; , and, their claims are based upon the same legal theory as the individually named Plaintiff.

68.     The employment relationships between Defendants and every Class member are the same and differ only by name, location, and rate of pay.

69.     Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek and have been denied pay at the federally mandated minimum wage rate by failing to pay them their wages due on time as required. Plaintiff has worked with other employees of Defendants who were paid pursuant to the same unlawful method employed by Defendants.

70.     Other employees similarly situated to Plaintiff work or have worked for Defendants, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty (40) hours per workweek.

71.     Although Defendants permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendants  denied them full compensation for their hours worked over forty hours.

72.     The Class Members perform or have performed the same or similar work as the Plaintiff and regularly work or have worked in excess of forty (40) hours during a workweek. Similar to Plaintiff, Class Members are not exempt from receiving overtime or the federally mandated wage rate under the FLSA. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime wage and denial of minimum wage.

73.     Defendants' failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members. The experiences of the Plaintiff, with respect to his pay, are typical of the experiences of the Class Members.

74.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek and compensation for hours worked at the federally mandated minimum wage rate.

75.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by  Defendants that caused harm to all Class Members.

76.     The precise numbers of class individuals are known only to the Defendants, and are believed to include in excess of one hundred (100) individuals.

77.     As such, the class of similarly situated Class Members Plaintiff seeks to represent are properly defined as follows:

> *All current and former hourly employees of Defendant in Nevada during the applicable statute of limitations who were not properly compensated under applicable federal law for all hours worked.*

78.     The FLSA Collective is readily identifiable and locatable through use of the Defendants' records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## <u>RULE 23 CLASS ALLEGATIONS</u>

79.     Plaintiff also bring this action pursuant to Fed. R. Civ. P. 23((b)(3) on his own behalf and on behalf of:

> *All current and former hourly employees of Defendants who worked at all Nevada Restaurant locations at any time during the applicable statute of limitations who were not properly compensated under applicable Nevada law for all hours worked.*

Plaintiff reserves the right to amend this definition as necessary.

80.     *Numerosity*: The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical.  Plaintiff reasonably estimates there are hundreds of Rule 23 Class members.  Rule 23 Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

81.     *Commonality/Predominance*: There is a well-defined community of interest among Rule 23 members and common questions of law and fact predominate in this action over

any questions affecting individual members of the Rule 23 Class.  These common legal and factual questions, include, but are not limited to, the following:

   a.   Whether the Rule 23 Class members were properly paid for all hours worked under Nevada state law when Defendants paid them a flat hourly rate regardless of the hours worked in a single week;

   b.   Whether Defendants paid Class members their wages due in a timely manner;

   c.   Whether Defendants' failure to pay Rule 23 Class Members their wages due on time is a violation of the Class members' rights under Nevada state law;

   d.   Whether Defendants permitted the Rule 23 Class Members to take a meal period during continuous working periods of 8 hours or more.

   e.   Whether Defendants' failure to provide for meal periods is a violation of the Class members' rights under Nevada state law.

   f.   What common employment, timekeeping and pay practices Defendants followed;

   g.   Whether injunctive or declaratory relief is appropriate under Nevada state law; and

   h.   Whether Defendants willfully violated Nevada state law pursuant to the employment violations alleged herein.

   82.   *Typicality*: Plaintiff's claims are typical of those of the Rule 23 Class in that Plaintiff and all other Rule 23 Class members suffered damages as a direct and proximate result of the Defendants' common and systemic payroll policies and practices.  Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct by Defendants as all other Rule 23 Class members' claims,  are based on the same legal theories as all other Rule 23 Class members.

   83.   *Adequacy*: Plaintiff will fully and adequately protect the interests of the Rule 23 Class, and  retained competent counsel who are qualified and experienced in the prosecution of

1   wage and hour class actions. Neither Plaintiff nor their counsel have interests that are contrary to,

2   or conflicting with, the interests of the Rule 23 Class.

3        84.    *Superiority*: A class action is superior to other available methods for the fair and

4   efficient adjudication of this controversy, because, inter alia, it is economically infeasible for

5   Rule 23 Class members to prosecute individual actions of their own given the relatively small

6   amount of damages at stake for each individual along with the fear of reprisal by their employer.

7   Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of

8   duplicative lawsuits being filed in state and federal courts throughout the nation.

9        85.    This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel

10   know of no unusual difficulties in this case, and Defendants have records that will allow the

11   class, wage, and damages issues in this case to be resolved with relative ease.

12        86.    Because the elements of Rule 23(b)(3) are satisfied in this case, class certification

13   is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S.

14   Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff

15   whose suit meets the specified criteria to pursue his claim as a class action").

16        87.    Because Defendants acted and refused to act on grounds that apply generally to

17   the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23

18   Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

19        **<u>WILLFUL VIOLATIONS OF THE LAW</u>**

20        88.    Defendants knowingly and willfully disregarded the provisions of the FLSA as

21   evidenced by their failure to compensate Plaintiff and Class Members at the statutorily mandated

22   overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, as

23   well as  failing to pay the Class members their wages due in a timely manner, when Defendant

24   knew or should have known such was due and that non-payment of the proper pay rates would

25   financially injure Plaintiff and Class Members.

26        89.    Defendants own a sophisticated business with the knowledge and expertise to

27   know that the payment structure of its workers was and is impermissible under the FLSA and

28   Nevada state law.

1    90.    Plaintiff and Class Members request this Court permit recovery for any FLSA

2    claims within the last three years from the filing of this suit, and any extension of Nevada state

3    law statute of limitations. 29 U.S.C. § 255(a).

4    ### COUNT I

5    **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 ET SEQ. -**

6    **COLLECTIVE ACTION**

7    91.    Plaintiff realleges and incorporates herein all previous paragraphs.

8    92.    At all relevant times, Defendants have been an "employer" within the meaning of

9    the FLSA, 29 U.S.C. § 203.

10    93.    At all relevant times, Plaintiff and Class Members were "employee[s]" of

11    Defendants as the term is defined under the FLSA.

12    94.    At all times relevant to this action, Defendants "suffered or permitted" the

13    Plaintiff and Class Members to work and thus "employed" Plaintiff and Class Members within

14    the meaning of FLSA, 29 U.S.C. § 203(g).

15    95.    The FLSA requires an employer to pay employees the federally mandated

16    minimum wage as well as an overtime premium rate of one and half times their regular rate of

17    pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. § 206.

18    96.    Defendants violated the FLSA by failing to compensate Plaintiff and Class

19    Members one and one-half times the regular rate of pay for work performed in excess of forty

20    hours in a workweek.

21    97.    Defendants violated the FLSA by failing to pay Plaintiff and Class Members their

22    wage due in a timely manner.

23    98.    Defendants' violations of the FLSA were knowing and willful.

24    99.    By failing to compensate Plaintiff and Class Members at a rate not less than one

25    and one-half times the regular rate of pay for work performed in excess of forty hours in a

26    workweek, as well as failing to pay Plaintiff and Class members their wages due on time,

27    Defendants have violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1),

28    § 207(a)(1) and § 215(a).  Plaintiff and Class members are victims of a uniform and company-

wide enterprise which operates to not properly compensate employees. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all employees who have worked or are working for Defendant.

100.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

101.     As a result of Defendants' violation, Plaintiff and the Class are entitled to their unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

### COUNT II

**VIOLATION OF N.R.S. §§ 608.018, 608.019, and 608.020-060 – FAILURE TO PAY OVERTIME; FAILURE TO PAY WAGES IN A TIMELY MANNER; AND, FAILURE TO PROVIDE FOR PERIODS OF MEALS AND REST UNDER NEVADA LAW**

102.     Plaintiff hereby incorporates and realleges all the paragraphs above.

103.     All members of the Rule 23 Nevada Class are entitled to their regular wages and/or overtime, paid on time, and for provision of periods for meals and rest pursuant to Nevada's wage and hour laws.

104.     Defendants, Plaintiff and the Rule 23 Nevada Class members are "employers" and "employees" for the purposes of Nevada law.

105.     N.R.S. § 608.018 states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week, or eight (8) hours per day assuming the employee earns less than 1.5 times the Nevada minimum wages.

106.     By failing to pay Plaintiff and members of the Rule 23 Nevada Class for overtime (including a payment equal to 1.5 times their ordinary wage ), Defendants violated N.R.S. § 608.018.

107.     N.R.S. § 608.019 requires an employer to provide a meal period of at least one-half hour if the employee is employed for a continuous period of 8 hours or more.

108.    Defendants violated N.R.S. § 608.019 by failing to provide Plaintiff and the Class with a meal period during continuous periods of employment of 8 hours or more.

109.    N.R.S. § 608.020-060 requires an employer to pay regular earned wages in a timely manner.

110.    Defendants violated N.R.S. §  608.060 by failing to pay Plaintiff and the Class their earned wages on time.

111.    Defendants' violations of N.R.S. §§ 608.016,  608.018, 608.019, and 608.060 were intentional and, as such, the three-year statute of limitation found in N.R.S. § 11.190(3) applies to those claims.

112.    Defendants' actions discussed above were willfully oppressive, fraudulent and malicious, entitling Plaintiff and the Rule 23 Nevada Class to punitive damages.

113.    Defendants violated Nevada law, by regularly and repeatedly failing to compensate Plaintiff and the Rule 23 Nevada Class for the time spent on the work activities described in this Complaint. As a result, Plaintiff and the Rule 23 Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23  Class are entitled to recover unpaid wages owed, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under N.R.S. §§ 608.005 et seq.

**COUNT III**

**BREACH OF CONTRACT- RULE 23 CLASS ACTION**

114.    Plaintiff re-alleges and incorporates all previous paragraphs herein and further allege as follows.

115.    At all times relevant to this action, Defendants had a binding and valid contract with Plaintiff and every other Rule 23 Class member to pay each employee for each hour they worked in consideration of the work duties Plaintiff and the Rule 23 Class members performed on Defendants' behalf.

116.    Upon information and belief, each Rule 23 Class member, including Plaintiff, have an hourly rate of approximately $15.00 per hour regardless of the number of hours actually worked.

117.    Plaintiff and every other Rule 23 Class member performed under the contract by doing their jobs and carrying out the work they performed each shift, including the unpaid work that was required of them, accepted by Defendants, and that they performed, in connection with their shifts which lasted more than eight (8) hours.

118.    By not properly paying Plaintiff and every other Rule 23 Class member for every hour worked, Defendants systematically breached their contracts with Plaintiff and each member of the Rule 23 Class.

119.    Plaintiff's and the Rule 23 members' remedies under the FLSA are inadequate in this case to the extent Defendant paid them more than the federally mandated minimum wage of $7.25 per hour but less than 40 hours per week (i.e., pure "gap time" claims).

120.    Defendants also breached their duty of good faith and fair dealing by failing to keep track of the time Plaintiff and other Rule 23 Class members spent working, which is a fundamental part of an "employer's job."

121.    As a direct and proximate result of Defendants' breaches of the contracts alleged herein, Plaintiff and every other member of the Rule 23 Class have been damaged, in an amount to be determined at trial.

122.    These claims are appropriate for class certification under Rules 23(b)(2) and (b)(3) because the law of contracts is substantially the same throughout the United States.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A.    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set for in Count I;

B.    Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(3) with respect to Plaintiff' Nevada Wage law (Count II) and Breach of Contract claim (Count III);

1          C.      Ordering Defendants to disclose in computer format, or in print if no computer

2    readable format is available, the names and addresses of all those individuals who are similarly

3    situated, and permitting Plaintiff to send notice of this action to all those similarly situated

4    individuals including the publishing of notice in a manner that is reasonably calculated to apprise

5    the potential class members of their rights under this litigation;

6          D.      Designation of Named Plaintiff as Representative of the Plaintiffs and their

7    counsel as Class Counsel;

8          E.      Declaring Defendants willfully violated the Fair Labor Standards Act and its

9    attendant regulations as set forth in Count I;

10         F.      Declaring Defendants violated their obligations under the FLSA;

11         G.      Declaring Defendants violated their obligations under the Nevada Wage law;

12         H.      Declaring Defendants breached their employment agreement with the Plaintiff

13   and Class members;

14         I.      Granting judgment in favor of Plaintiff and Class Members and against

15   Defendants on the FLSA claim as set forth in Count I and awarding each the amount of his/her

16   unpaid minimum wage and overtime wage, along with an equal amount as liquidated damages;

17         J.      Granting judgment in favor of Plaintiffs and Class Members and against

18   Defendants on the Nevada Wage law claim as set forth in Count II and awarding each the

19   amount of his/her unpaid wages, along with an equal amount as liquidated damages;

20         K.      Granting judgment in favor of Plaintiff and Class Members and against

21   Defendants on the Breach of Contract claim as set forth in Count III and awarding each the

22   amount of his/her unpaid wages, along with any other legal and equitable relief available;

23         L.      Awarding Plaintiff and Class Members the costs of this action;

24         M.      Awarding Plaintiff and Class Members reasonable attorneys' fees pursuant to the

25   FLSA;

26         N.      Awarding Plaintiff and Class Members pre- and post-judgment interest on their

27   damages;

28

O. Defendants pay prejudgment interest to Plaintiff and Class Members on these damages;

P. The Court grant such other and further relief as the Court may deem just or equitable.

### JURY DEMAND

Plaintiff, Armando Joachin, on his behalf and on behalf of all others similarly situated, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

DATED this 2nd day of May, 2018

**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**

By: _____/s/ Don Springmeyer_____
Don Springmeyer, Esq.
Nevada State Bar No. 1021
Jordan Butler, Esq.
Nevada Bar No. 10531
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120

**SOMMERS SCHWARTZ, P.C.**
Jason J. Thompson *(Pro hac vice to be submitted)*
One Towne Square, Suite 1700
Southfield, MI 48076

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
*(Pro hac vice to be submitted)*
600 28th St. SW
Wyoming, MI 49509

*Counsel for Plaintiff and Proposed Class
and Collective Members*