**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ARMANDO JOACHIN,

          Plaintiff,

   v.

HOMETOWNE EATS, INC., et al.,

          Defendant.

Case No. 2:18-cv-00793-GMN-CWH

**ORDER**

10      Presently before the court is defendants Hometown Eats, Inc. and Alejandra Meza-

11 Cervantes' Motion to Set Aside Entry of Default (ECF No. 17), filed on August 2, 2018.  Plaintiff

12 Armando Joachin filed a response (ECF No. 21) on August 15, 2018.  Defendants did not reply.

13 **I.     BACKGROUND**

14      The parties are familiar with the facts of this case and the court will not repeat them here

15 except where necessary.  Joachin brings this Fair Labor Standards Act ("FLSA") case against

16 Hometown Eats and its owners, Meza-Cervantes and Rex Henriott, for failure to pay overtime

17 and other alleged violations.  (Compl. (ECF No. 1).)  Joachin moved for a clerk's entry of default

18 against Hometown Eats and Meza-Cervantes and a default was entered against them on June 8,

19 2018.  (Entry of Default (ECF No. 9).)  Hometown Eats and Meza-Cervantes now jointly move to

20 set aside the default, arguing Joachin will not be prejudiced by setting aside the default because

21 the case is in its early stages.  They further argue they have a meritorious defense and their failure

22 to answer was excusable.

23      Meza-Cervantes acknowledges she and Hometown Eats were served with the summons

24 and complaint.  (Aff. of Meza-Cervantes (ECF No. 17-1) at ¶ 4.)  When Meza-Cervantes and

25 Hometown Eats were served, however, co-defendant Henriott was out of town, and Meza-

26 Cervantes states: "I did not read the Summons I was served with and so I was under the

27 impression and believed that all of the Defendants needed to be served before the Complaint was

28 to be answered." (*Id.* at ¶ 7.)  As a result, Meza-Cervantes states that she did not consult with an

1  attorney until Henriott returned home approximately one month later.  (*Id.* at ¶ 8.)  Henriott was

2  served and has appeared in this case.  (Ans. (ECF No. 19).)

3      Joachin responds that Hometown Eats and Meza-Cervantes had actual notice of the

4  lawsuit and intentionally failed to answer and that they lack a meritorious defense.  Joachin does

5  not respond to Hometown Eats and Meza-Cervantes' argument that he will not prejudiced by

6  setting aside the default.  Joachin states a response on this point is unnecessary because the

7  tripartite test is disjunctive and because defendants engaged in culpable conduct and lack a

8  meritorious defense.

9  **II.    DISCUSSION**

10      Rule 55 of the Federal Rules of Civil Procedure provides a mechanism for obtaining a

11  default judgment against a party who has failed to plead or otherwise respond to claims brought

12  against it.  Where this failure is "shown by affidavit or otherwise," the clerk must enter that

13  party's default under Fed. R. Civ. Proc. 55(a).  "The court may set aside an entry of default for

14  good cause."  *Id.* at 55(c).  "Good cause" is determined through three factors: (a) whether the

15  defaulting party engaged in culpable conduct that led to the default, (b) whether there is a

16  meritorious defense, and (c) whether reopening the case would cause prejudice to the Plaintiff.

17  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  This test is disjunctive, and proof of any of

18  these three factors may justify setting aside the default.  *See Brandt v. American Bankers*

19  *Insurance Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

20      Overarching these factors is the Ninth Circuit's stated policy favoring adjudication of

21  disputes on their merits, *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), with doubts

22  resolved in favor of setting aside the default.  *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th

23  Cir. 1974).  It is within the court's discretion whether to set aside a default.  *O'Connor v. State of*

24  *Nev.*, 27 F.3d 357, 364 (9th Cir. 1994).  The court's discretion is especially broad when it is the

25  clerk's entry of default that is being set aside, rather than a default judgment.  *Id.*

26      Turning to the disjunctive *Falk* factors, the court finds Joachin would not be prejudiced by

27  setting aside the default under the circumstances of this case.  To determine whether the plaintiff

28  would be prejudiced if the default judgment is set aside, "[t]he standard is whether his ability to

pursue his claim will be hindered." *Falk*, 739 F.2d at 463. Setting aside a default must do more than simply delay resolution of the case to be considered prejudicial to the plaintiff. *TCI*, 244 F.3d at 701. Similarly, requiring a plaintiff to adjudicate a claim on the merits does not constitute prejudice. *Id.* Rather, the delay must result in some tangible harm, such as "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quotation omitted).

Hometown Eats and Meza-Cervantes' motion to set aside the default was promptly filed within two months of the clerk entering default and before Henriott answered or there was any other significant activity in the case. This case remains in its early stages, with nearly three of the six months of discovery remaining. (Scheduling Order (ECF No. 23).) Although the motion to set aside default has been pending, Joachin served written discovery on Hometown Eats and the parties' attorneys have been corresponding regarding discovery. (Pl.'s Mot. to Compel (ECF Nos. 28, 29).) Given the case's procedural posture and the fact that discovery appears to be underway, setting aside the default would not hinder Joachin's ability to pursue his case or result in excessive delay. Joachin does not identify any tangible harm he would suffer if default is set aside. Setting aside the default also favors the Ninth Circuit's policy favoring adjudication of the case on the merits. The court in its discretion therefore finds that setting aside the default would not result in prejudice to Joachin. Having satisfied at least one of the three factors, the court need not proceed any further to find that the clerk's entry of default should be set aside.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that defendants Hometown Eats, Inc. and Alejandra Meza-Cervantes' Motion to Set Aside Entry of Default (ECF No. 17) is GRANTED, and the clerk's entry of default (ECF No. 9) is set aside as to them.

IT IS FURTHER ORDERED that defendants Hometown Eats, Inc. and Alejandra Meza-Cervantes have 10 days to answer or otherwise respond to the complaint.

DATED: January 24, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE