# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARMANDO JOACHIN, | Case No. 2:18-cv-00793-GMN-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| HOMETOWN EATS, INC., et al., | |
| Defendant. | |

Presently before the court is defendants Hometown Eats, Inc. and Alejandra Meza-Cervantes' Motion to Set Aside Entry of Default (ECF No. 37), filed on March 6, 2019. Plaintiff Armando Joachin filed a response (ECF No. 39) on March 20, 2019. Defendants filed a reply (ECF No. 41) on March 27, 2019.

**I. BACKGROUND**

The parties are familiar with the facts of this case and the court will not repeat them here except where necessary. Joachin brings this Fair Labor Standards Act ("FLSA") case against Hometown Eats and its owners, Meza-Cervantes and Rex Henriott, for failure to pay overtime and other alleged violations. (Compl. (ECF No. 1).) The court previously set aside a clerk's entry of default against Hometown Eats and Meza-Cervantes. (Order (ECF No. 30).) The court ordered defendants to answer or otherwise respond to the complaint within 10 days of its order, making the deadline to answer February 4, 2019. (*Id.*) Defendants failed to do so.

Joachin moved for a clerk's entry of default against Hometown Eats and Meza-Cervantes and a default was entered against them on March 4, 2019. (Entry of Default (ECF No. 33).) Hometown Eats and Meza-Cervantes now jointly move to set aside the default, arguing their failure to answer or otherwise respond to the complaint was unintentional and based on their attorney's incorrect assumption that his paralegal was receiving notification of court filings, which has been corrected. They further argue Joachin will not be prejudiced by setting aside the default because Joachin is not treating them as defaulted parties and has been proceeding as if

they are actively litigating the case, including propounding written discovery and engaging in the meet-and-confer process regarding discovery. They further argue they have a meritorious defense and their failure to answer was excusable. They attach a proposed answer to their motion to set aside default. (Proposed Ans. (ECF No. 37-1).)

Joachin responds that defendants' failure to answer was culpable because defendants' attorney does not dispute he received electronic notifications of filings in the case and it is incumbent on him to supervise staff and to be diligent in adhering to deadlines. Joachin further argues Hometown Eats and Meza-Cervantes lack a meritorious defense. Finally, Joachin argues the delay occasioned by defendants' defaults is prejudicial. Joachin states he has attempting to obtain discovery while the defaults were pending out of necessity and to preserve his claims before time erodes evidence.

## II.  DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides a mechanism for obtaining a default judgment against a party who has failed to plead or otherwise respond to claims brought against it. Where this failure is "shown by affidavit or otherwise," the clerk must enter that party's default under Fed. R. Civ. Proc. 55(a). "The court may set aside an entry of default for good cause." *Id.* at 55(c). "Good cause" is determined through three factors: (a) whether the defaulting party engaged in culpable conduct that led to the default, (b) whether there is a meritorious defense, and (c) whether reopening the case would cause prejudice to the Plaintiff. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). This test is disjunctive, and proof of any of these three factors may justify setting aside the default. *See Brandt v. American Bankers Insurance Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

Overarching these factors is the Ninth Circuit's stated policy favoring adjudication of disputes on their merits, *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), with doubts resolved in favor of setting aside the default. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974). It is within the court's discretion whether to set aside a default. *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). The court's discretion is especially broad when it is the clerk's entry of default that is being set aside, rather than a default judgment. *Id.*

Turning to the disjunctive *Falk* factors, the court finds Joachin would not be prejudiced by setting aside the default under the circumstances of this case. To determine whether the plaintiff would be prejudiced if the default judgment is set aside, "[t]he standard is whether his ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463. Setting aside a default must do more than simply delay resolution of the case to be considered prejudicial to the plaintiff. *TCI*, 244 F.3d at 701. Similarly, requiring a plaintiff to adjudicate a claim on the merits does not constitute prejudice. *Id.* Rather, the delay must result in some tangible harm, such as "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quotation omitted).

Hometown Eats and Meza-Cervantes' motion to set aside the default was promptly filed within several weeks of the clerk entering default. Although discovery is closed, it is the court's understanding based on the motion practice in this case, as well as the parties' representations, that the parties have been engaging in discovery while the defaults were pending. (*See* Pl.'s Mot. to Compel (ECF Nos. 28, 29); Pl.'s Mot. to Compel (ECF Nos. 34, 35); Pl.'s Mot. to Extend Discovery (ECF No. 38).) Given that the parties engaged in discovery and Joachin filed his motion to certify class, which is pending before the United States district judge assigned to this case, setting aside the default would not hinder Joachin's ability to pursue his case. While Joachin argues the delays occasioned by the default result in the erosion of evidence, he does not identify any specific evidence that has been lost. Setting aside the default also favors the Ninth Circuit's policy favoring adjudication of the case on the merits. The court in its discretion therefore finds that setting aside the default would not result in prejudice to Joachin. Having satisfied at least one of the three factors, the court need not proceed any further to find that the clerk's entry of default should be set aside.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendants Hometown Eats, Inc. and Alejandra Meza-Cervantes' Motion to Set Aside Entry of Default (ECF No. 37) is GRANTED, and the clerk's entry of default (ECF No. 33) is set aside as to them.

IT IS FURTHER ORDERED that defendants Hometown Eats, Inc. and Alejandra Meza-Cervantes have 10 days to answer or otherwise respond to the complaint.

DATED: July 24, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE